UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN CORNELL, | Case No. 1:23-cv-00416 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Ryan Cornell, proceeding *pro se*, alleges that the Social Security Administration is improperly delaying his receipt of social security benefits. (ECF No. 1-1, PageID #8.) Defendant moves to dismiss for lack of jurisdiction and failure to state a claim. (ECF No. 4.) For the reasons that follow, the Court **GRANTS** Defendant's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Initially, Plaintiff brought this action in Cleveland Municipal Court. (*See* ECF No. 1-1, PageID #8.) In full, his complaint alleges, "they said I can't receive my ben[e]fits [until] a month after I discharge and I cannot receive anything if they are late [discharging] me." (*Id.*) As compensation, Plaintiff seeks $6,000.00 per day for what the Court assumes is the rest of his life, though his handwritten complaint legibly reads only "the rest of m l." (*Id.*) Defendant timely removed Plaintiff's case—because he sued a federal agency—citing 28 U.S.C. § 1442 (ECF No. 1, ¶ 1, PageID #1)

and moved to dismiss (ECF No. 4). Plaintiff did not oppose or otherwise respond to Defendant's motion.

## ANALYSIS

Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that the Court lacks subject-matter jurisdiction and that Plaintiff's complaint fails to state a claim. (*See generally id.*; ECF No. 4-1.) The Court addresses each ground in turn.

I. **Rule 12(b)(1)**

Rule 12(b)(1) provides for dismissal where the court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1) & (h)(3). The standard for reviewing a motion under that rule "depends on whether the defendant makes a factual or facial challenge." *Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 986–87 (S.D. Ohio 2020) (citing *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). Unlike a factual attack, which requires the district court to analyze conflicting evidence to determine if jurisdiction exists, a facial attack "challenges the jurisdictional sufficiency of the complaint given those facts." *Id.* at 987 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "When reviewing a facial attack, a district court takes the allegations in the complaint as true, similar to the approach employed in reviewing a Rule 12(b)(6) motion to dismiss." *Id.* (citation omitted). Defendant lodges a facial attack here, arguing that even if Plaintiff's allegations are true, the derivative jurisdiction doctrine bars his claims. (ECF No. 4-1, PageID #30–31.) Therefore, the Court accepts the facts Plaintiff pleads as true.

### I.A. Derivative Jurisdiction Doctrine

The derivative jurisdiction doctrine is "best understood as a procedural bar to the exercise of federal judicial power." *Federal Home Loan Mortg. Corp. v. Gilbert*, 656 F. App'x 45, 53 (6th Cir. 2016) (Sutton, J., concurring). It holds that where a State court lacked subject-matter jurisdiction over a claim, the federal court cannot acquire jurisdiction after removal. *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (citing, among other cases, *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922)). The doctrine applies even if the federal court would have had jurisdiction if the plaintiff filed there originally. *Id.*

To be sure, the derivative jurisdiction doctrine does not apply in every case. Congress explicitly eliminated the doctrine for cases removed under 28 U.S.C. § 1441. 28 U.S.C. § 1441(f); *see also Federal Home Loan Mortg. Corp.*, 656 F. App'x at 49. Most circuits hold, however, that it still applies to cases removed under Section 1442, as here. *Howard v. Social Sec. Admin.*, No. 5:22-cv-829, 2022 WL 17418151, at *3 n.1 (N.D. Ohio Sept. 21, 2022), *report and recommendation adopted*, No. 5:22-cv-829, 2022 WL 16847434 (N.D. Ohio Nov. 10, 2022). Though the Sixth Circuit has neither approved nor disapproved of that practice, this courts in this District follow the majority approach. *Id.*; *see also Pickett v. Office of Disability Adjudication & Rev.*, No. 3:08-cv-2553, 2009 WL 1661954, at *4 (N.D. Ohio June 15, 2009). Accordingly, the Court must determine whether the Cleveland Municipal Court had subject-matter jurisdiction. If not, this Court lacks jurisdiction too.

### I.B. State Court's Jurisdiction

Having reviewed Plaintiff's complaint, the Court finds that the State court lacked jurisdiction. To sue a federal agency, like the Social Security Administration, a plaintiff must identify a waiver of sovereign immunity. *Muniz-Muniz v. United States Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) (citing *Reed v. Reno*, 146 F.3d 392, 397–98 (6th Cir. 1998)). Otherwise, a court lacks subject-matter jurisdiction. *Id.* Plaintiff, proceeding *pro se*, did not provide any such basis when he filed in Cleveland Municipal Court. (*See* ECF No. 1-1, PageID #8.)

Nor could he. To the extent Plaintiff alleges a claim regarding a benefits decision, the Social Security Administration's limited waiver of sovereign immunity is outlined in 42 U.S.C. § 405(g). Under that statute, a plaintiff must bring an action after a final decision and hearing "in the district court of the United States for the judicial district in which [he] resides." 42 U.S.C. § 405(g). Even if Plaintiff followed the statute's administrative process (which is unclear from the record), he still filed suit in Cleveland Municipal Court. (*See* ECF No. 1-1, PageID #8.) Therefore, the State court lacked subject-matter jurisdiction. Even if the Court construes his claim as one under the Federal Tort Claims Act, Plaintiff fares no better. 42 U.S.C. § 405(h) (prohibiting suits for tort claims arising under the Social Security Act); *see also* 28 U.S.C. § 1346(b) (vesting exclusive jurisdiction in the United States district courts). Because the State court lacked subject-matter jurisdiction, this Court also lacks jurisdiction after removal under 28 U.S.C. § 1442.

* * *

For these reasons, the Court **GRANTS** Defendant's motion to dismiss under Rule 12(b)(1).

## II. Rule 12(b)(6)

Defendant also moves to dismiss under Rule 12(b)(6), which provides for dismissal when a plaintiff's complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court need not reach this additional ground because it lacks subject-matter jurisdiction, as explained above. *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("[W]hen [jurisdiction] ceases to exist, the only function remaining . . . is that of announcing the fact and dismissing the cause.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion (ECF No. 4) and **DISMISSES** Plaintiff's action for lack of subject-matter jurisdiction.

**SO ORDERED.**

Dated: May 5, 2023

J. Philip Calabrese
United States District Judge
Northern District of Ohio

5